United States District Court
Northern District of California

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

DOUGLAS DANIEL CLARK,

Plaintiff,

v.

CAROLE HYMAN, et al.,

Defendants.

Case No.  14-cv-04649-YGR (PR)

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION;
GRANTING RECONSIDERATION OF
COURT'S APRIL 15, 2015 DISMISSAL
OF DEFENDANT CHAPPELL; AND
REQUIRING SERVICE ON
DEFENDANT CHAPPELL**

9

10

11

12

13

14

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se*

civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at SQSP have

refused to provide him with a diet that accommodates his religious beliefs in violation of his

constitutional rights.  Plaintiff seeks injunctive relief as well as declaratory and monetary

damages.

15

16

17

18

19

20

21

22

23

According to the complaint, Plaintiff submitted a religious diet request on February 29,

2012 wherein he identified himself as a "Messianic Jew" and requested participation in the Jewish

Kosher Diet Program ("JKDP") to accommodate his religious dietary laws.  Dkt. 1 at 3.  The

Jewish chaplain, Defendant Carole Hyman, denied his request, stating that Plaintiff would have to

"convert" to her sect of Judaism to avail of the JKDP.  *Id.*  In its April 15, 2015 Order of Partial

Dismissal; Serving Cognizable Claim; and Denying Plaintiff's Request for Consolidation, the

Court found that the aforementioned allegation of Defendant Hyman's denial of Plaintiff's request

to participate in the JKDP infringed upon his right to exercise his religious practices and beliefs

and appeared to state a cognizable 42 U.S.C. § 1983 claim.  Dkt. 10 at 2.

24

25

26

27

28

Plaintiff had also named Defendant Former SQSP Warden Kevin Chappell in his

complaint.  Dkt. 1 at 1, 2.  However, the Court found that Plaintiff had not claimed that Defendant

Chappell personally violated his constitutional rights.  Dkt. 10 at 2-3.  Rather, Plaintiff seemed to

contend that Defendant Chappell was liable based on the conduct of his subordinate, Defendant

Hyman.  *Id.*  Because there is no respondeat superior liability under Section 1983, the Court

United States District Court
Northern District of California

1   dismissed without prejudice Plaintiff's supervisory liability claim against Defendant Chappell in

2   its April 15, 2015 Order. *Id.* (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).  The

3   Court further noted that no facts were alleged by Plaintiff to establish supervisorial liability on the

4   part of Defendant Chappell, i.e., that he "participated in or directed the violations, or knew of the

5   violations and failed to act to prevent them." *Id.*

6          Before the Court is Plaintiff's motion entitled "Request for Reconsideration of this Court's

7   April 15, 2015 'Partial Dismissal' (Defendant Chappell)" (Dkt. 14), which is construed as a

8   motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(a).  *See* Civil L.R.

9   7-9(a).  Specifically, Plaintiff asks the Court to reconsider its dismissal of his supervisory liability

10  claims against Defendant Chappell.

11         Also before the Court is Defendant Hyman's motion to dismiss the complaint pursuant to

12  Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 24.

13         For reasons outlined below, the Court GRANTS Plaintiff leave to file a motion for

14  reconsideration, GRANTS his request for the Court to reconsider its April 15, 2015 Order

15  dismissing the supervisory claim against Defendant Chappell, VACATES the relevant portion of

16  its April 15, 2015 Order dismissing the supervisory claim against Defendant Chappell, and directs

17  service of the complaint on Defendant Chappell as directed below.  Defendant Hyman's pending

18  motion to dismiss will be resolved in a separate written Order.

19                                        **DISCUSSION**

20         Where a district court's ruling has not resulted in a final judgment or order, reconsideration

21  of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which

22  provides that any order which does not terminate the action is subject to revision at any time

23  before the entry of judgment.  *See* Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the

24  district court (1) is presented with newly discovered evidence, (2) committed clear error or the

25  initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

26  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

27         In the Northern District of California, no motion for reconsideration may be brought

28  without leave of court.  *See* Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must

1    specifically show: (1) that at the time of the motion for leave, a material difference in fact or law

2    exists from that which was presented to the court before entry of the interlocutory order for which

3    the reconsideration is sought, and that in the exercise of reasonable diligence the party applying

4    for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

5    emergence of new material facts or a change of law occurring after the time of such order; or (3) a

6    manifest failure by the court to consider material facts which were presented to the court before

7    such interlocutory order.  *See* Civil L.R. 7-9(b).  Unless otherwise ordered by the court, no

8    response need be filed to a motion under the Local Rule.  *See* Civil L.R. 7-9(c).

9          Plaintiff challenges the Court's dismissal of Plaintiff's supervisory liability claim, arguing

10   that in its April 15, 2015 Order the Court "erroneous[ly]" dismissed Defendant Chappell because

11   it had overlooked material facts which were presented on the same day the complaint was filed.

12   Dkt. 14 at 3.  Specifically, Plaintiff had submitted the 602 inmate appeal challenging Defendant

13   Hyman's decision to deny Plaintiff's request to participate in JKDP.  Dkt. 2 at 6-17.  Plaintiff

14   argues that the 602 appeal serves as evidence that Defendant Chappell knew of the violations and

15   failed to act to prevent them because he denied and "signed the final level of appeal at his prison."

16   *Id.* at 8, 12-13.  The Court confirms that Defendant Chappell was responsible for denying

17   Plaintiff's 602 appeal at the second level of review upon finding that the "decision not to include

18   [Plaintiff] in the JKDP was based on current rules and regulations."  *Id.* at 13.  The Court

19   acknowledges that it failed to consider this evidence because the 602 appeal itself was not attached

20   to the complaint, and, instead, it was filed as an attachment to a separate document entitled,

21   "Introductory Memo to Clerk of Court."  Dkt. 2.  Therefore, as mentioned above, the Court

22   previously found that Plaintiff had not established supervisorial liability on the part of Defendant

23   Chappell by showing that he "participated in or directed the violations, or knew of the violations

24   and failed to act to prevent them."  Dkt. 10 at 2-3 (citing *Taylor*, 880 F.2d at 1045).  However, in

25   his motion for leave to file a motion for reconsideration, Plaintiff insists that he *has* established

26   supervisory liability on Defendant Chappell's part based on this Defendant's failure to act to

27   correct the constitutional violation despite being made aware of Defendant Hyman's denial of

28   Plaintiff's request to participate in JKDP, stating: "[Defendant] Chappell knew what was going on

*United States District Court*
*Northern District of California*

3

1    no later than when he signed the explicit and well documented Inmate Appeal as 'Reviewer' [at

2    the second level of review]."  Dkt. 14 at 5.

3        Upon careful review of Plaintiff's supervisory liability claim against Defendant Chappell,

4    the Court acknowledges that it failed to consider material facts, which were presented prior to the

5    Court's April 15, 2015 Order.  The Court therefore erred in finding that Plaintiff had failed to

6    establish supervisory liability on the part of Defendant Chappell.  Plaintiff's motion for leave to

7    file a motion for reconsideration is GRANTED. *See* Civil L.R. 7-9(b).

8        Accordingly, Plaintiff's request for the Court to reconsider its April 15, 2015 Order

9    dismissing the supervisory claim against Defendant Chappell is GRANTED; therefore, the Court

10   VACATES the portion of its April 15, 2015 Order dismissing the supervisory claim against

11   Defendant Chappell.  The Clerk shall serve the complaint on this Defendant, as directed below.

**CONCLUSION**

13       For the foregoing reasons, the Court orders as follows:

14       1.    Plaintiff's motion entitled "Request for Reconsideration of this Court's April 15,

15   2015 'Partial Dismissal' (Defendant Chappell)" (Dkt. 14), which has been construed as his motion

16   for leave to file a motion for reconsideration, is GRANTED.  Furthermore, Plaintiff's request for

17   the Court to reconsider its April 15, 2015 Order dismissing the supervisory claim against

18   Defendant Chappell is GRANTED.

19       2.    The Court VACATES the portion of its April 15, 2015 Order dismissing the

20   supervisory claim against Defendant Chappell.

21       3.    Plaintiff's complaint states a cognizable supervisory liability claim against

22   Defendant Chappell.

23       4.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

24   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

25   and all attachments thereto (Dkts. 1, 2) and a copy of this Order to **Former SQSP Warden Kevin**

26   **Chappell** at SQSP.  The Clerk shall also mail copies of this Order to Defendant Hyman's

27   Attorney, Deputy Attorney General William P. Buranich, and to Plaintiff.

28       5.    Defendant Chappell is cautioned that Rule 4 of the Federal Rules of Civil

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Procedure requires them to cooperate in saving unnecessary costs of service of the summons and

2    complaint.  Pursuant to Rule 4, if Defendant Chappell, after being notified of this action and asked

3    by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, he will be

4    required to bear the cost of such service unless good cause be shown for the failure to sign and

5    return the waiver form.  If service is waived, this action will proceed as if Defendant Chappell had

6    been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

7    Defendant Chappell will not be required to serve and file an answer before **sixty (60) days** from

8    the date on which the request for waiver was sent.  (This allows a longer time to respond than

9    would be required if formal service of summons is necessary.)  Defendant Chappell is asked to

10   read the statement set forth at the foot of the waiver form that more completely describes the

11   duties of the parties with regard to waiver of service of the summons.  If service is waived after the

12   date provided in the Notice but before Defendant Chappell has been personally served, the Answer

13   shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20)**

14   **days** from the date the waiver form is filed, whichever is later.

15           6.        Defendant Chappell shall answer the complaint in accordance with the Federal

16   Rules of Civil Procedure.  No later than **twenty-eight (28) days** from the date the answer is due,

17   Defendant Chappell shall either file a joinder to Defendant Hyman's pending motion to dismiss or

18   file his own motion for summary judgment or other dispositive motion.  If Defendant Chappell

19   chooses to file his own dispositive motion, the following briefing schedule shall govern

20   dispositive motions in this action:

21           a.        No later than **twenty-eight (28) days** from the date the answer is due,

22   Defendant Chappell file his own motion for summary judgment or other dispositive motion.  The

23   motion must be supported by adequate factual documentation, must conform in all respects to

24   Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports

25   stemming from the events at issue.  A motion for summary judgment also must be accompanied

26   by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of

27

28   _____
       [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice

2    requirement set out in *Rand* must be served concurrently with motion for summary judgment). A

3    motion to dismiss for failure to exhaust available administrative remedies must be accompanied by

4    a similar notice. However, the Court notes that under the new law of the circuit, in the rare event

5    that a failure to exhaust is clear on the face of the complaint, Defendant Chappell may move for

6    dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an

7    unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014)

8    (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to

9    exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

10   § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if

11   a failure to exhaust is not clear on the face of the complaint, Defendant Chappell must produce

12   evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If

13   undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust,

14   Defendant Chappell is entitled to summary judgment under Rule 56. *Id.* But if material facts are

15   disputed, summary judgment should be denied and the district judge rather than a jury should

16   determine the facts in a preliminary proceeding. *Id.* at 1168.

17        If Defendant Chappell is of the opinion that this case cannot be resolved by summary

18   judgment, Defendant Chappell shall so inform the Court prior to the date the summary judgment

19   motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

20             b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

21   and served on Defendant Chappell no later than **twenty-eight (28) days** after the date on which

22   Defendant Chappell's motion is filed.

23             c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

24   the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

25   must do in order to oppose a motion for summary judgment. Generally, summary judgment must

26   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

27   any fact that would affect the result of your case, the party who asked for summary judgment is

28   entitled to judgment as a matter of law, which will end your case. When a party you are suing

United States District Court
Northern District of California

1    makes a motion for summary judgment that is properly supported by declarations (or other sworn

2    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

3    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

4    as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

5    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

6    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

7    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

8    F.3d at 962-63.

9        Plaintiff also is advised that—in the rare event that Defendant Chappell argues that

10   the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to

11   exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

12   case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to

13   show that you did exhaust your available administrative remedies before coming to federal court.

14   Such evidence may include: (1) declarations, which are statements signed under penalty of perjury

15   by you or others who have personal knowledge of relevant matters; (2) authenticated documents—

16   documents accompanied by a declaration showing where they came from and why they are

17   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

18   in your complaint insofar as they were made under penalty of perjury and they show that you have

19   personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

20   dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

21   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

22   issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

23       (The notices above do not excuse Defendant Chappell's obligation to serve similar notices

24   again concurrently with motions to dismiss for failure to exhaust available administrative remedies

25   and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

26       d.    Defendant Chappell shall file a reply brief no later than **fourteen (14) days**

27   after the date Plaintiff's opposition is filed.

28       e.    The motion shall be deemed submitted as of the date the reply brief is due.

*United States District Court*
*Northern District of California*

7

United States District Court
Northern District of California

1   No hearing will be held on the motion unless the Court so orders at a later date.

2        7.     Discovery may be taken in this action in accordance with the Federal Rules of Civil

3   Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant Chappell

4   to depose Plaintiff and any other necessary witnesses confined in prison.

5        8.     All communications by Plaintiff with the Court must be served on Defendant

6   Chappell or his counsel, once counsel has been designated, by mailing a true copy of the

7   document to them.

8        9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

9   informed of any change of address and must comply with the Court's orders in a timely fashion.

10  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

11  while an action is pending must promptly file a notice of change of address specifying the new

12  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

13  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

14  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

15  *se* party indicating a current address.  *See* L.R. 3-11(b).

16       10.     Extensions of time are not favored, though reasonable extensions will be granted.

17  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

18  deadline sought to be extended.

19       11.     Defendant Hyman's pending motion to dismiss will be resolved in a separate

20  written Order.

21       12.     This Order terminates Docket No. 14.

22       IT IS SO ORDERED.

23  Dated:  December 18, 2015

                                  YVONNE GONZALEZ ROGERS

24                                    United States District Judge

25

26

27

28