UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

KEVIN CHAPPELL and
CAROLE HYMAN,

    Defendants.

Case No. 14-cv-04649-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Douglas Daniel Clark, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that prison officials at SQSP have refused to provide him with a diet that accommodates his religious beliefs in violation of his constitutional rights. Specifically, Plaintiff alleges that he identifies himself as a Messianic Jew. Dkt. 1 at 3.[1] On February 29, 2012, Plaintiff submitted a religious diet request wherein he identified himself as a "Messianic Jew" and requested participation in the Jewish Kosher Diet Program ("JKDP") to accommodate his religious dietary laws. *Id.* The Jewish chaplain, Defendant Carole Hyman, denied his request, stating that Plaintiff would have to "convert" to her sect of Judaism to avail of the JKDP. *Id.* Plaintiff seeks injunctive relief as well as declaratory and monetary damages.

On April 15, 2015, the Court found that the aforementioned allegation of Defendant Hyman's denial of Plaintiff's request to participate in the JKDP infringed upon his right to exercise his religious practices and beliefs and appeared to state a cognizable 42 U.S.C. § 1983 claim. Dkt. 10 at 1-2. Thereafter, the Court found the Plaintiff had also stated a cognizable claim against Defendant Former SQSP Warden Kevin Chappell in his supervisory capacity based on this Defendant's failure to act to correct the constitutional violation despite being made aware of

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1   Defendant Hyman's denial of Plaintiff's request to participate in JKDP. Dkt. 36 at 3-4.

2   Before the Court is Defendants' motion to dismiss,[2] in which they assert that the doctrines of res judicata and collateral estoppel bar Plaintiff's claims against them because Plaintiff had a full and fair opportunity for his claims to be heard and determined in his state habeas proceedings in the Marin County Superior Court. Dkt. 24 at 8-14. Further, Defendants argue that Plaintiff's claims of injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") are now moot because Plaintiff has been admitted to participate in the JKDP as of April 16, 2015. *Id.* at 13-14, Dkt. 24-2 at 9. Defendants argue that the complaint further fails to state a claim under RLUIPA because RLUIPA does not authorize a damages claim against Defendants, and any claim against Defendants in their official capacity is barred under the Eleventh Amendment. Dkt. 24 at 14-15. Finally, Defendants argue they are entitled to qualified immunity. *Id.* at 15-16. In support of their motion to dismiss, Defendants have filed an unopposed request for judicial notice ("RJN") of the decision from Plaintiff's state superior court habeas proceedings and SQSP's "Approved Kosher List." Dkts. 24-1 at 1-2, 24-2.

For the reasons set forth below, the Court GRANTS Defendants' request for judicial notice and GRANTS their motion to dismiss.

**II.   DISCUSSION**

   **A.   Request Judicial Notice**

On a motion to dismiss, a court may properly look beyond the complaint to matters of public record, and doing so does not convert a Federal Rule of Civil Procedure 12(b)(6) motion to one for summary judgment. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *see also MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Here, Plaintiff has not objected to Defendants' RJN, and the Court finds the documents to be matters of public record properly subject to judicial notice.

The Court may take judicial notice of the Marin County Superior Court's "Order Denying

---

[2] Defendant Chappell's motion to join the Defendant Hyman's pending motion to dismiss is GRANTED, and the joinder is accepted. Dkt. 41.

Petition For Writ Of Habeas Corpus" in *In Re Douglas Daniel Clark*, Case No. SC183347A (attached as Exhibit A to the RJN, Dkt. 24-2 at 2-6), because "a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The Court also takes judicial notice of SQSP's "Approved Kosher List," which includes Plaintiff's name (attached as Exhibit B to the RJN, Dkt. 24-2 at 8-9), because a court may take judicial notice of the official acts and public records of state agencies not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 959 n.10 (9th Cir. 2013).

Accordingly, Defendants' unopposed RJN is GRANTED. Dkt. 24-1.

**B.     Defendants' Motion to Dismiss**

**1. Claim for Injunctive Relief**

First, Defendants argue that because Plaintiff has been admitted to the JKDP as of April 16, 2015, his claim for injunctive relief must be dismissed as moot. Dkt. 25 at 4. This Court agrees.

A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). Here, because Plaintiff is presently participating in the JKDP, his claim for injunctive relief is DISMISSED as moot.

Plaintiff may proceed with his claim for declaratory and monetary damages, and the Court will now resolve the pending motion to dismiss as to the remaining claim for such damages, as discussed below.

**2. Claims for Damages**

**a. Legal Standard For Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the

1    ground that there is a "failure to state a claim upon which relief may be granted."  A motion to

2    dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is

3    plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*abrogating*

4    *Conley v. Gibson*, 355 U.S. 41 (1957)).  The court "must accept as true all of the factual

5    allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must

6    construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  The court

7    need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or

8    unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*,

9    275 F.3d 1187 (9th Cir. 2001).  As mentioned above, in considering a motion to dismiss, the Court

10   may take judicial notice of matters of public record outside the pleadings.  *See Mack*, 798 F.2d at

11   1282; *MGIC Indemn. Corp.*, 803 F.2d at 504.

### b. Background on State Habeas Action

13   On December 19, 2012, Plaintiff filed a petition for a writ of mandate in the Marin County

14   Superior Court, seeking to have the state court overrule Defendant Hyman's February 29, 2012

15   decision denying him admission into the JKDP.  *In Re Douglas Daniel Clark*, Case No.

16   SC183347A; Dkt. 24-2 at 2.  Plaintiff had also described himself as a "Messianic Jew," and

17   requested that the state superior court command the SQSP Warden to allow him to participate in

18   the JKDP and to give him compensation for the days he was not allowed to participate in that

19   program.  *Id.* at 2. The state superior court construed the aforementioned filing as a state habeas

20   petition.  *Id.* at 4.

21   The state superior court issued an order to show cause regarding the petition, and solicited

22   factual contentions from the parties, including a traverse setting forth Petitioner's contention that

23   the CDCR's denial of his participation in the JKDP "has substantially burdened the exercise of his

24   religion."  *Id.*

25   Respondent in that state habeas action filed a return to the order to show cause showing

26   that on February 2, 2012, Petitioner wrote a letter to Defendant Hyman asking to attend Jewish

27   services acknowledging Petitioner's "baptism as an 'L.D.S. Mormon' and conced[ing] he is

28   'somewhat agnostic but [has] very deep religious roots . . . [with] a special affinity to the Jewish

4

1  faith." *Id.* at 4-5. The return also "shows that petitioner attended traditional Jewish services once
2  after the [February 2, 2012] letter was written and then attended protestant services over the eight
3  month period thereafter." *Id.* at 5. The state superior court noted that "[e]ssentially, respondent
4  contend[ed] that petitioner's professed allegiance to a kosher diet [was] nothing more than an
5  attempt to eat better." *Id.*

6  Although Plaintiff was given additional time, he did not respond to respondent's return.
7  *Id.* Instead, the state superior court noted that Plaintiff filed a "'notice of appeal' of what he
8  describe[d] as this court's 'hijacking' of his writ." *Id.* On December 2, 2013, the court denied the
9  petition, and stated as follows:

> . . . the court is not persuaded that this petitioner's request is an integral part of a sincerely held religious belief rather than an opportunistic and perhaps understandable attempt to obtain a more wholesome diet.
>
> For reasons expressed above, the court will deny the filed petition which the court has construed to request relief sounding in habeas corpus. The order to show cause is discharged.

*Id.*

On February 4, 2014, Plaintiff filed a petition for a writ of mandate in the California Court of Appeal.[3] *See Clark v. The Superior Court of Marin County*, Case No. A140898. On February 19, 2014, the state appellate court denied the petition stating:

> The document on file herein, entitled "Notice of Appeal etc . . ." is deemed a petition for writ of mandate, and is denied for failure to demonstrate an entitlement to the relief requested (see page 7). The denial of this petition is without prejudice to petitioner filing a petition for writ of habeas corpus in this court concerning his request to be permitted access to the Jewish Kosher Diet Program in prison. In the event that petitioner seeks future relief in this court by way of petition for writ of habeas corpus, petitioner shall use Judicial Council form MC-275, Petition for Writ of Habeas Corpus, or show good cause for failing to utilize that form. (Cal. Rules of Court, rule 8.380(a).) Additionally, any such petition shall include an adequate

---

[3] Defendants did not include any discussion on Plaintiff's related petitions in the state appellate and supreme courts; therefore, this Court obtained such information from the California Supreme Court official website. This Court takes judicial notice of all related petitions in the state appellate and supreme courts that are linked to *In Re Douglas Daniel Clark*, Case No. SC183347A because, as mentioned above, it may take judicial notice of records of an inferior court in other cases. *See Wilson*, 631 F.2d at 119.

> record to enable informed review of petitioner's claim, including but not limited to documents demonstrating petitioner's exhaustion of his inmate appeal remedy (i.e., petitioner's inmate appeal and decisions from all levels of review). (*People v. Duvall* (1995) 9 Cal. 4th 464, 474; *In re Dexter* (1979) 25 Cal. 3d 921, 925; *In re Muszalski* (1975) 52 Cal. App. 3d 500, 503-508.)

*Id.*

On March 10, 2014, Plaintiff filed a state habeas petition in the California Court of Appeal challenging the denial of his aforementioned petition in Case No. A140898. *See In re Douglas Clark on Habeas Corpus*, Case No. A141222. On March 20, 2014, the state appellate court denied the petition stating,

> The petition for writ of habeas corpus is denied. To the extent this petition (see Ground 1) repeats contentions previously rejected in a prior proceeding (case No. A140898), this petition is repetitive, and the court declines to revisit those arguments. Ground 2 challenges this court's disposition of the prior petition in case No. A140898, which is now final and unreviewable by this court.

*Id.*

On May 5, 2014, Plaintiff sent a petition for a writ of mandate in the California Supreme Court. *See Clark v. S.C. (California Department of Corrections and Rehabilitation)*, Case No. S218679. Because Plaintiff did not sign it, the state supreme court requested his signature before they could acknowledge it as filed on May 19, 2014. *Id.* On June 30, 2014, the state supreme court transferred the petition to the California Court of Appeal, First Appellate District. *Id.*

Om June 30, 2014, the California Court of Appeal received the transferred petition for a writ of mandate. *See Clark v. The Superior Court of Marin County*, Case No. A142247. On July 7, 2014, the state appellate court denied the petition for a writ of mandate, stating:

> The petition for writ of mandate is denied. To the extent this petition raises issues addressed in petitioner's prior petitions filed in this court, the petition is denied as repetitious. (*See Hagan v. Superior Court* (1962) 57 Cal. 2d 767, 769-771; *see also [Ex Parte] Miller* (1941) 17 Cal. 2d 734, 735.) To the extent petitioner raises new issues in this petition that were not asserted in prior petitions, the petition is denied. The court notes that petitioner appears to assert claims concerning "lack of meaningful law library with work partner" and a ban on "passing of legal materials to other prisoners" (Petn., p. 6), but petitioner does not demonstrate exhaustion of his inmate appeal or superior court habeas corpus remedies as to those issues. (*In re Dexter* (1979) 25 Cal. 3d 921, 925; *In re Muszalski*

6

*(1975) 52 Cal. App. 3d 500, 503-508; *In re Steele* (2004) 32 Cal. 4th 682, 692; [*Application of*] *Hillery* (1962) 202 Cal. App. 2d 293, 294; *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

*Id.*

Under the Full Faith and Credit Statute, this court must give effect to California's law on the finality of judgment. In California, a judgment is not final for purposes of res judicata until it is free from direct attack. *See Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1163 (Cal. Ct. App. 2002). Here, the California Supreme Court official website does not indicate that Plaintiff filed a related petition in that court. However, this Court must determine whether the time for Plaintiff to petition the state supreme court has lapsed. The aforementioned state appellate court decisions were final thirty days after filing. *See* Cal. R. Ct. 8.490(b)(2) (writ of mandate); Cal. R. Ct. 8.387(b)(1) (writ of habeas corpus). Thus, the last state appellate court denial filed on July 7, 2014 was final on August 7, 2014. *See id.* A party may seek review of a Court of Appeal decision in a habeas corpus proceeding (or in this case a proceeding relating to a petition of writ of mandate) by way of a petition for review in the Supreme Court under California Rule of Court 8.500. A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court, which in Plaintiff's last state appellate court proceeding would have been ten days after August 7, 2014, or August 18, 2014.[4] *See* Cal. R. Ct. 8.500(e)(1). As such, the time frame for filing a related petition in the state supreme court has long passed. *See id.* The state court judgment against Plaintiff therefore is final. As a result, this Court can now consider below whether or not to apply res judicata and/or collateral estoppel to enter a judgment as a matter of law in Defendants' favor.

### c. Analysis Relating to Res Judicata and Collateral Estoppel

The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Montana v. United States*, 440 U.S. 147, 153 (1979). Under collateral estoppel, once

---

[4] August 17, 2014 falls on a Sunday; therefore, the deadline would have likely fallen on the following Monday, August 18, 2014.

an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *See id.*

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent section 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." *Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981).

The main difference between the state habeas proceedings and the present civil rights action is that damages are available in the civil rights action. However, the unavailability of damages in the state habeas proceedings does not exempt that case from the reach of res judicata. *See City of Los Angeles v. Superior Court*, 85 Cal. App. 3d 143, 151 (Cal. Ct. App. 1978) (litigant "cannot avoid impact of rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction").

### 1) Res Judicata

The doctrine of res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). Under the "primary rights theory" adhered to in California, a federal court action will not be barred by res judicata where it seeks relief for harm distinct from the harm alleged in state court. *See Maldonado v. Harris*, 370 F.3d 945, 952-53 (9th Cir. 2004) (defining "primary right" as right to be free of the particular injury suffered; primary right in state nuisance suit brought by state against billboard

8

1    owner was right to highways free of advertising, whereas primary right in federal section 1983 suit
2    by owner was right to advertise freely on his property); *International Evangelical Church v.*
3    *Church of the Soldiers*, 54 F.3d 587, 590 (9th Cir. 1995) (primary right to seek damages in federal
4    court for fraud and unjust enrichment different from primary right to enforce trust in state court).
5    Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by
6    the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done
7    by the defendant which consists in a breach of such primary right and duty." *Brodheim v. Cry*,
8    584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *City of Martinez v. Texaco Trading & Transp., Inc.*,
9    353 F.3d 758, 762 (9th Cir. 2003)). If this cause of action test is satisfied, then the same primary
10   right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks
11   different forms of relief, and/or adds new facts supporting recovery. *Id.* Also, under California
12   law, not all claims that could have been brought in the state court case are barred in a later action;
13   rather, only those claims that derive from the same primary right are precluded. *Id.* at 1268 n.2.
14         In support of their motion, Defendants have submitted a copy of the denial of Plaintiff's
15   habeas petition filed in state superior court. Dkt. 24-2 at 2-6. As outlined above, before Plaintiff
16   filed this section 1983 civil rights action, he filed petitions in the Marin County Superior Court,
17   the California Court of Appeal, and the California Supreme Court. Only the first state superior
18   court petition was litigated extensively; therefore, only that one is described in depth and will be
19   considered in the Court's analysis of res judicata.
20         The state superior court denial shows that Plaintiff pursued the same cause of action and
21   that the "same primary right," *see Brodheim*, 584 F.3d at 1268 n.2, was involved in state court as
22   here: a violation of his right to exercise his religious practices and beliefs stemming from the
23   denial of Plaintiff's request to participate in the JKDP. *Compare* Dkt. 1 at 3 *with* Dkt. 24-2 at 2.
24   The same violation of his right to exercise his religious practices and beliefs was asserted in both
25   the state action and the instant complaint. *Id.* The same injury was alleged in both: denial of
26   Plaintiff's request to participate in the JKDP. *Id.* The actions involve the same injury to Plaintiff
27   and the same wrong by prison officials.
28         The doctrines of res judicata and collateral estoppel do not apply "when the party against

1  whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim
2  or issue. . . . 'Redetermination of issues is warranted if there is reason to doubt the quality,
3  extensiveness, or fairness of procedures followed in prior litigation.'" *Kremer v. Chemical*
4  *Constr. Corp.*, 456 U.S. 461, 480-81 & n.22 (1982) (citations omitted).  Where the federal court is
5  considering the preclusive effect of a state court judgment under 28 U.S.C. § 1738, "state
6  proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth
7  Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by
8  federal law." *Id.* at 481.

9        Here, Plaintiff had an opportunity for full and fair litigation of his claim of a violation of
10 his right to exercise his religious practices and beliefs stemming from the denial of Plaintiff's
11 request to participate in the JKDP.  The state superior court denial indicates that Plaintiff's state
12 court petition contained allegations in support of his claims, which the state superior court
13 considered in denying habeas relief.  Plaintiff's subsequent petitions to the state appellate and
14 supreme courts contained similar allegations, which the Court must assume were duly considered
15 by the state courts before they denied those petitions on the merits, albeit without reasoned
16 decisions.  It is clear that Plaintiff's claim relating to the denial of his participation in the JKDP
17 was fully and fairly litigated in state court.

18       Lastly with respect to the parties involved, Plaintiff was the same party in the state actions,
19 and Defendants are in privity with the respondents in the state actions.  Privity exists when a
20 person is so identified in interest with another that he represents the same legal right.  *See Trujillo*
21 *v. Santa Clara County*, 775 F.2d 1359, 1367 (9th Cir. 1985).  For example, privity exists between
22 officers of the same government so that a judgment in a suit between a party and a representative
23 of the government is res judicata in relitigation of the same issue between that party and another
24 officer of the government.  *See Church of New Song v. Establishment of Religion on Taxpayers'*
25 *Money*, 620 F.2d 648, 654 (7th Cir. 1980), *cert. denied*, 450 U.S. 929 (1981) (citation omitted)
26 (prison employees at federal prison in Texas in privity with prison employees at federal prison in
27 Illinois as both suits against employees of Federal Bureau of Prisons).  Such is the case here,
28 where the Defendants in the instant action are in privity with the respondent of Plaintiff's state

1 actions because all the suits are against employees of the California Department of Corrections
2 and Rehabilitation.

3 Based on the above discussion, the issues raised in Plaintiff's complaint regarding the violation of his rights stemming from the denial of his participation in the JKDP are barred under res judicata and therefore must be DISMISSED for failure to state a claim.

### 2) Collateral Estoppel

Collateral estoppel, or issue preclusion, only bars the relitigation of issues explicitly litigated and necessary to the judgment. *See Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir. 1996). To foreclose relitigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Gospel Missions v. City of Los Angeles*, 328 F.3d 548, 553-54 (9th Cir.), *cert. denied*, 540 U.S. 948 (2003) (no issue preclusion where plaintiff's standing to challenge ordinance provisions was not actually litigated in prior action).

As discussed above, Plaintiff's cause of action in his state proceedings—relating to the violation of his rights stemming from the denial of his participation in the JKDP—was fully litigated. Furthermore, this claim was actually litigated as the state courts considered briefs and exhibits submitted by Plaintiff in support of his state petitions. Finally, the issue of whether Plaintiff's rights were violated (as a result of the denial of his participation in the JKDP) was at the heart of his state petitions, and was a "critical and necessary part of the judgment." *Gospel Missions*, 328 F.3d at 553-54. The state superior court denied relief because it was not persuaded that Plaintiff's request to participate in the JKDP was "an integral part of a sincerely held religious belief rather than an opportunistic and perhaps understandable attempt to obtain a more wholesome diet." Dkt. 24-2 at 5. His petitions to the state appellate and supreme courts also contained essentially identical factual allegations, and they were all denied. And, as determined above, these state decisions were final and on the merits. Lastly, Plaintiff was the same party in the state petitions and in the instant action against whom preclusion is being sought.

11

Based on the above discussion, Plaintiff's claim—relating to the violation of his rights stemming from the denial of his participation in the JKDP—are also barred under collateral estoppel and therefore DISMISSED for failure to state a claim.

### d. Summary

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss is GRANTED.[5]

## III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendant Chappell's motion to join the Defendant Hyman's pending motion to dismiss is GRANTED, and the joinder is accepted. Dkt. 41.

2. Defendants' unopposed request for judicial notice is GRANTED. Dkt. 24-1.

3. Plaintiff's claim for injunctive relief is DISMISSED as moot.

4. Defendants' motion to dismiss is GRANTED. Dkt. 24.

5. The Clerk of the Court shall enter judgment and close the file. Each party shall bear his or her own costs.

6. This Order terminates Docket No. 24.

IT IS SO ORDERED.

Dated: February 17, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[5] The Court's granting Defendants' motion to dismiss—based on their assertion that the doctrines of res judicata and collateral estoppel bar Plaintiff's claims against them—obviates the need to address Defendants' alternative arguments in the present motion.

12