UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

    v.

KKEVIN CHAPPELL and
CAROLE HYMAN,

    Defendants.

Case No. 14-cv-04649-YGR (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff Douglas Daniel Clark, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that prison officials at SQSP have refused to provide him with a diet that accommodates his religious beliefs in violation of his constitutional rights. The following background is taken from the Court's February 17, 2016 Order:

> . . . Plaintiff alleges that he identifies himself as a Messianic Jew. Dkt. 1 at 3. On February 29, 2012, Plaintiff submitted a religious diet request wherein he identified himself as a "Messianic Jew" and requested participation in the Jewish Kosher Diet Program ("JKDP") to accommodate his religious dietary laws. *Id.* The Jewish chaplain, Defendant Carole Hyman, denied his request, stating that Plaintiff would have to "convert" to her sect of Judaism to avail of the JKDP. *Id.* Plaintiff seeks injunctive relief as well as declaratory and monetary damages.
>
> On April 15, 2015, the Court found that the aforementioned allegation of Defendant Hyman's denial of Plaintiff's request to participate in the JKDP infringed upon his right to exercise his religious practices and beliefs and appeared to state a cognizable 42 U.S.C. § 1983 claim. Dkt. 10 at 1-2. Thereafter, the Court found the Plaintiff had also stated a cognizable claim against Defendant Former SQSP Warden Kevin Chappell in his supervisory capacity based on this Defendant's failure to act to correct the constitutional violation despite being made aware of Defendant Hyman's denial of Plaintiff's request to participate in JKDP. Dkt. 36 at 3-4.

Dkt. 43 at 1 (footnote omitted). Defendants[1] filed a motion to dismiss on the following grounds:

---

[1] The Court granted Defendant Chappell's motion to join the Defendant Hyman's motion to dismiss. Dkt. 43 at 2 note 2.

1  (1) Plaintiff's claims of injunctive relief under the Religious Land Use and Institutionalized
2  Persons Act ("RLUIPA") were moot because Plaintiff had been admitted to participate in the
3  JKDP as of April 16, 2015; (2) the doctrines of res judicata and collateral estoppel barred
4  Plaintiff's claims against Defendants because Plaintiff had a full and fair opportunity for his
5  claims to be heard and determined in his state habeas proceedings in the Marin County Superior
6  Court; (3) the complaint failed to state a claim under RLUIPA because RLUIPA did not authorize
7  a damages claim against Defendants and any claim against Defendants in their official capacity
8  was barred under the Eleventh Amendment; and (4) Defendants argue they were entitled to
9  qualified immunity.  Dkt. 24 at 8-16.

On February 17, 2016, the Court granted Defendants' motion and entered judgment in favor of Defendant.  Dkts. 43, 44.  The Court agreed with Defendants and dismissed as moot Plaintiff's claim for injunctive relief because he was participating in the JKDP.  Dkt. 24 at 3.  The Court further agreed with Defendants' assertion that the doctrines of res judicata and collateral estoppel barred Plaintiff's claims for damages against them, and concluded that dismissing such claims on this ground obviated the need to address Defendants' alternative arguments.  *Id.* at 3-12.

Before the Court is Plaintiff's motion for an extension of time to file a motion for reconsideration.  Dkt. 45.  Plaintiff's motion for an extension of time is GRANTED *nunc pro tunc* to March 31, 2016, the date Plaintiff filed his motion for reconsideration, which is also before the Court.  Dkt. 47.

For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

**II.    DISCUSSION**

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances.  The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

2

> 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Plaintiff's motion contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. *See* Dkt. 47. Nor does he set forth any other reason justifying relief. The Court notes that Plaintiff's handwriting is difficult to decipher, and his motion contains some unintelligible arguments that at most amount to criticism of the undersigned judge and the Defendants' attorney, i.e., referring to the judge's rulings as "stupid," *id.* at 5, and describing the Defendants' attorney's arguments as "sewage," *id.* at 10. While not entirely clear, it seems that Plaintiff also attempts to raise the same arguments that he had previously raised in his opposition to Defendants' motion to dismiss, and thus he seems to be arguing that the decision of the Court was wrong. *See id.* at 3-5. While such arguments may be properly advanced on appeal, they are not a basis for reconsideration. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Plaintiff simply repeats his claims and allegations

1  from his opposition to the motion to dismiss. Specifically, Plaintiff seems to argue that the Court
2  improperly considered the state habeas petition as a "judicial proceeding," which merited the
3  application of the doctrines of res judicata or collateral estoppel. Dkt. 47 at 10. Plaintiff's
4  argument is that the state superior court improperly converted a petition for a writ of mandate into
5  a petition for a writ of habeas corpus "against his wishes and over his heated protests," *id.* at 3,
6  and that the state court proceedings were therefore invalid and could not support the application of
7  the doctrines of either res judicata or collateral estoppel, *id.* at 3-4. This is not a new argument. It
8  is the same argument Plaintiff put forward in opposition to the motion to dismiss. *See* Dkt. 33 at
9  6-8. However, the Court determined that the petition for writ of mandate at issue was, in fact,
10 construed as a state habeas petition by the state superior court, stating:

> On December 19, 2012, Plaintiff filed a petition for a writ of mandate in the Marin County Superior Court, seeking to have the state court overrule Defendant Hyman's February 29, 2012 decision denying him admission into the JKDP. *In Re Douglas Daniel Clark*, Case No. SC183347A; Dkt. 24-2 at 2. Plaintiff had also described himself as a "Messianic Jew," and requested that the state superior court command the SQSP Warden to allow him to participate in the JKDP and to give him compensation for the days he was not allowed to participate in that program. *Id.* at 2. The state superior court construed the aforementioned filing as a state habeas petition. *Id.* at 4.

17 Dkt. 43 at 4. The Court then pointed out that the state superior court denied the state habeas
18 petition on December 2, 2013. *Id.* at 5. In granting Defendants' motion to dismiss on the basis
19 that his claim was barred by the doctrine of res judicata, the Court stated as follows:

> Here, Plaintiff had an opportunity for full and fair litigation of his claim of a violation of his right to exercise his religious practices and beliefs stemming from the denial of Plaintiff's request to participate in the JKDP. The state superior court denial indicates that Plaintiff's state court petition contained allegations in support of his claims, which the state superior court considered in denying habeas relief. Plaintiff's subsequent petitions to the state appellate and supreme courts contained similar allegations, which the Court must assume were duly considered by the state courts before they denied those petitions on the merits, albeit without reasoned decisions. It is clear that Plaintiff's claim relating to the denial of his participation in the JKDP was fully and fairly litigated in state court.
>
> Lastly with respect to the parties involved, Plaintiff was the same party in the state actions, and Defendants are in privity with the respondents in the state actions.

4

Dkt. 43 at 10. Furthermore, the Court determined that Defendants' motion to dismiss was also granted on the basis that his claim is barred by doctrine of collateral estoppel, stating:

> . . . Plaintiff's cause of action in his state proceedings—relating to the violation of his rights stemming from the denial of his participation in the JKDP—was fully litigated. Furthermore, this claim was actually litigated as the state courts considered briefs and exhibits submitted by Plaintiff in support of his state petitions. Finally, the issue of whether Plaintiff's rights were violated (as a result of the denial of his participation in the JKDP) was at the heart of his state petitions, and was a "critical and necessary part of the judgment." *Gospel Missions*, 328 F.3d at 553-54. The state superior court denied relief because it was not persuaded that Plaintiff's request to participate in the JKDP was "an integral part of a sincerely held religious belief rather than an opportunistic and perhaps understandable attempt to obtain a more wholesome diet." Dkt. 24-2 at 5. His petitions to the state appellate and supreme courts also contained essentially identical factual allegations, and they were all denied. And, as determined above, these state decisions were final and on the merits. Lastly, Plaintiff was the same party in the state petitions and in the instant action against whom preclusion is being sought.

*Id.* at 11. In sum, the Court determined at the issues raised in Plaintiff's complaint regarding the violation of his rights stemming from the denial of his participation in the JKDP were barred under res judicata and collateral estoppel, and dismissed them for failure to state a claim. Accordingly, because the Court has already considered similar arguments from his opposition (prior to granting the motion to dismiss), Plaintiff raising the same arguments again is insufficient to warrant reconsideration. *Cf. Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."). Accordingly, Petitioner's motion for reconsideration is DENIED.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file a motion for reconsideration is GRANTED *nunc pro tunc* to March 31, 2016, the date Plaintiff filed his motion for reconsideration. Dkt. 45.

1    2.    Plaintiff's motion for reconsideration is DENIED. Dkt. 47.

2    3.    The Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of

3 Appeal now that the Court has denied Plaintiff's motion for reconsideration. *See* Dkt. 54 at 1.

4    4.    This Order terminates Docket Nos. 45 and 47.

5    IT IS SO ORDERED.

6 Dated: December 13, 2016

7    _____
    YVONNE GONZALEZ ROGERS
8    United States District Judge